is uh cases number 18-4147 and 4-8 Perez v. Par 2 Contractors. Mr. Matura. May it please the court. My name is Jeff Matura. I represent Appellant Par 2 Contractors. Sitting at council table with me is Rick Sutherland who represents Appellant Paragon. I'm going to take about five minutes today to address the due process arguments raised in the brief. Mr. Sutherland anticipates taking about five minutes to address the Rule 65 issues mentioned in the brief. Before I begin a discussion about the details of the due process argument, it appears to me there's some dispute in the briefing about the standard of review. We think it's fairly clear, well very clear, from the briefing that the standard or the case law that the standard of review is de novo. The sufficiency of whether due process is afforded to a party we believe is a de novo review. The Department of Labor seems to suggest it's an abuse of discretion and we disagree with that. In this case, the facts of this case show. You represent uh Par 2. Par 2. Thank you. Par 2. Okay and Paragon and Brian Jessup are still part of the case. They're still a party to the case. That's correct. Those are Mr. Sutherland's clients. Okay. That's correct. And you're just arguing due process. Right. I'm going to address due process. Of course I'll address any questions you might want to ask. Well I had a question, a threshold question about due process. Sure. Where did you argue due process violation in district court? Thank you for that well let me if I can just back up half a step as I give some context to your question. Sure. We find out that there's been a motion for an order to show cause where the Department of Labor asked Judge Campbell to hold Par 2 in contempt. At that point in time, Par 2 is not a party. Par 2 is not involved in any respect. Paragon and Brian Jessup are the defendants. We learn through the camaraderie of counsel that we're being the motion for contempt is being brought against us. So we, as Par 2, we do two things. We file a motion to intervene, to have our rights heard on the contempt action, to try and preclude contempt being found against us. And we file a request to file an opposition to the underlying motion for contempt. It's in that motion, the opposition that we file, where we argue that we have not been brought into this case properly. There's been no motion to bring us in. There's been no separate complaint filed against Par 2. So it's in that opposition motion where we raise the issue that our rights are not being afforded with respect to being brought into a case that's been pending for x number of years. But we're still talking about this case, the case involving contempt related to the Flagstaff location. Correct. It's all one case. All right. That's right. Are you saying there's a due process violation to bring you in as to that alleged violation or is it a due process violation to bring you in and potentially subject you to contempt beyond the Flagstaff location? It's beyond the Flagstaff location. All right. But the district court didn't address that, did it? So what the district court found, and the core of our due process argument, is we believe there's a due process violation in the district court finding Par 2 to be a successor entity to Paragon without any of the rights afforded to Par 2 to argue against that. But I understood that your due process concern is that if you're found as a successor that you become exposed to contempt not just for the Flagstaff but for everything. That's correct. And that's what's happened. That's right. Well, not in this proceeding though. Where did it happen here? I mean, everything the district court did here related to Flagstaff. Well, that's correct. However... So why do you have a due process argument about something that was not even addressed by this court? Because the underlying successor finding that we're challenging. That's the problem from our perspective. The underlying successor finding. The successor finding relates to the Flagstaff violation, but has any court said that your client, or did this court say, that your client is subject to contempt for anything except for the Flagstaff violation? Your Honor, I don't read the successor finding as narrowly as you do. I don't read it to say... I'm just asking if the district court said anything beyond the Flagstaff situation in this case. No, because the district court said we are a successor. Right. Period. Period. Not to Flagstaff, not to civil monetary penalties, not to back wages. We are a successor. And that's as broad as could be. That's our problem. But that issue, how is that issue even ripe at this point? Because there has been no attempt in this proceeding to impose liability on your client beyond the Flagstaff. But it's the successor finding that we challenge. We had rights as a party to challenge that. But how do you challenge it on the basis that you're going to be liable beyond Flagstaff when there hasn't... That wasn't before the court. But there's been a judicial ruling that we're a successor without affording us the rights that challenge that. Where's the complaint alleging successor liability? Why can't you challenge it in a proceeding where that's actually enforced against you outside of this violation? Your Honor, I don't believe we have to wait to that point in time. Why not? Why is it ripe? Because we have a judicial finding that we're a successor. You have no finding of contempt for anything other than this proceeding. That's true, but we have a judicial finding of successor liability without being afforded rights. And you're challenging that. Correct. But how can you challenge it on due process grounds when your argument relies on being potentially liable? That's just a potential. Well, sure. The fallout of the successor liability... The potential fallout. The potential fallout. I'll agree with you. Why is it ripe if it's potential? Because I believe, Your Honor, under the law, we have rights before we're found as a successor. We don't have to wait until the Department of Labor knocks on our door and says, to check for a million dollars, you're a successor. We can certainly argue it then, and we will, but we have a judicial finding already of successor liability without affording us any due process rights. I understand your argument. Okay. And I know time is going fast. I've used already more than five minutes. Unless there's questions from anyone else, I will pass the baton. Thank you. May it please the Court, I'm Rick Sutherland on behalf of Defendants Paragon and Brian Jessup. The District Court has... What does the record tell us about the interrelationship between the two entities? There really is no direct interrelationship, and the problem...  The record is disclosed extensively in the briefing, and it is really not what I need to address here today. I want to focus on a purely legal issue that I think is important and goes to the question that Judge Matheson has asked about ripeness. The District Court's decision here, unfortunately, conflates two very different legal issues. It impermissibly confuses the elements of Rule 65 with the doctrine of successor liability. If the elements of Rule 65 are met, an injunction, the expressed terms of an injunction may be extended to non-parties. Successor liability, however, is a much, much broader concept, and successor liability makes a successor responsible for remedying the predecessor's unlawful conduct and potentially imposes liability for any obligation of the predecessor, even though it may not have been addressed by a court. Now, that's my... That kind of relates to the ripeness and so on, and mootness. The court didn't find Part 2 liable. It didn't impose any damages on Part 2 for anything done by the predecessor. What the court did do is expressly said that the plaintiff has proven by clearing and convincing evidence that Part 2 is a successor and then joined Part 2 as a successor, as a defendant. Then subsequently, the court entered judgment for almost $813,000 in the case in which Part 2 is now a defendant. The only thing that remains is for that judgment to be executed upon. And so this is a very ripe issue. So how... But she imposed it only on the predecessor, not on Part 2. Are you saying Part 2 could ultimately be liable for those damages? Part 2 is joined as a defendant in this action with an $800,000 judgment as a successor in interest. The successor doctrine imposes liability upon the successor for the predecessor's misconduct. How did that issue arise procedurally? Well, I think there was a little bit of misunderstanding when the Rule 65 provisions about extending to non-parties. In the context of that, someone may have said successors... Well, was there a motion filed to join? No, this was a contempt proceeding and Part 2... That's why... That's my... I repeat my question. How did the issue of the introduction of Part 2 into the case arise procedurally? The government filed another contempt motion against Part 2. All right. Even though Part 2 was not a party. All right. And in analyzing that, in footnote 5 of the Secretary's brief on page 15, the Secretary acknowledges that the district court analyzed the Rule 65 injunction by using the successor liability doctrine. And not one single case of successor liability cited to the district court, relied on by the district court, or contained in the briefing here, has ever extended successor liability in the context of an abbreviated contempt proceeding. Could I just ask, I need a little more help sorting things out. I thought at one point that Part 2 actually intervened. That's correct. It was after the contempt motion was filed. Right. So the government files a contempt motion against the defendants then, which were Paragon and Brian Jessup. Right. And in that contempt motion asked that Part 2 be held in contempt. Part 2 wasn't even a party at that point. Okay, but then they became a party because they intervened. They intervened at the last moment to try to do what they could to protect their interests. Sure. But they were never afforded discovery. Didn't they participate in the evidentiary hearing? The evidentiary hearing was really trial by ambush, Your Honor. Frankly, they weren't told who the witnesses were going to be. They weren't given an opportunity to pose them, to engage in any kind of discovery. They weren't told, was Paragon told? No, it was a contempt proceeding. Can I just ask, it sounds like your colleague was representing Part 2 and you're representing Paragon. You seem to be arguing for Part 2. You're making the Part 2 arguments, aren't you? Well, I'm concerned about a legal principle here, the commingling, impermissible commingling of two very different legal principles and addressing successor liability in a contempt proceeding. Could the inclusion of Part 2 in the injunction be justified under the Rule 65 criteria? Yes. On an alternative ground? Yes, it could. And could we affirm on that alternative? You could affirm the extension of the injunction to Part 2 under Rule 65. But to go beyond that and find... And you wouldn't have a problem with that? Well, no, because... I'm not sure why that would be in your interest or Part 2's, but maybe you can explain that. The successor liability... Oh, I see. You just don't like the successor liability designation. Right. It's an open-ended... It isn't so much being included within the injunction. Am I understanding that right? Correct. Thank you. Precisely. Isn't there some question about whether this is a successor, in fact? I mean, didn't Paragon employees form Part 2, and then all the employees of Paragon start working for Part 2? To some extent... And for all practical purposes, as far as the public was concerned, it was just the same corporation under a different name. To some extent, that's correct, Your Honor, but not entirely. And... Well, to what extent is it not correct? Not all of the principals of Part 2 were employees of Paragon, and not all of the employees of Paragon became employees of Part 2. Some did, yes. Did they maintain separate offices? Initially, they officed out of the same building complex that was in a small town where they had separate physical facilities within that building, but the building was the same. All right. I'll reserve the rest for rebuttal, thank you. All right. May it please the Court. My name is Erin Mohan, and I'm here today on behalf of the United States Department of Labor. I'd like to begin by reiterating what the District Court did and did not do with respect to Part 2 in the contempt order before the Court today. The District Court made extensive factual findings, detailing how Paragon changed its name to Part 2 so that Paragon and Brian Jessup could evade the District Court's 2007 order prohibiting it from engaging in oppressive child labor. Based on those factual findings, which Part 2 did not challenge in its briefing, in this case, although my colleague has challenged them to some extent in his arguments today, based on those factual findings, which were not challenged in the briefs in this case, the District Court properly held that Part 2 was an act of concert and participation with Brian Jessup and Paragon and was therefore bound by the 2007 injunction prohibiting child labor. Because Part 2 had notice of the injunction through Brian Jessup, which the District Court found was its agent, and through other agents, and because Part 2 violated that injunction when it employed minors in hazardous construction activities, the District Court properly held Part 2 in contempt of the injunction. That is what the District Court did in this case. Did the District Court hold that Part 2 is a successor? The District Court held that Part 2 was a successor for the purposes of Rule 65D, for the purposes of holding Part 2 in contempt of the 2007 injunction. All right. So I'm trying to relate what Mr. Sutherland answered and then have you respond to it. But it seems like there's a concern that the Court used the federal common law standard for successor as opposed, or maybe even tried to use that as a standard to apply the Rule 65D2 injunction requirements. I think, if I'm understanding their argument, is that they're objecting to that. And my question, I had this question coming in, not in response to their argument, is whether there are court decisions that say that Rule 65D2 does incorporate that three-part test to show that a non-party was in active concert or participation. Why did the District Court even need to rely on that test? So I'm not aware of any court decisions that incorporate the MacMillan factors into the Rule 65D analysis. However, there's significant overlap between the MacMillan test and the test under Rule 65D. Well, how would you react to an alternative, potential alternative ground to affirm that we just rely on the Rule 65D2 criteria and not go through the whole MacMillan factor? It doesn't seem like that would be required. And you can't give me a case where a court has even done that for purposes of 65D2. The District Court here used MacMillan, the MacMillan factors, to engage in some of the analysis that is required under Rule 65D, because there's significant overlap between the two factors. So although MacMillan is geared towards the question of whether a successor is liable for a predecessor's violations, and the question here was whether Part 2 was in the scope of the injunction, both of those analyses focus heavily on the continuity between the two entities. So to the extent that the District Court made extensive findings about the fact that Paragon and Part 2 were run by the same people, did the same kind of business with the same central to the Rule 65D holding? Well, but wasn't there actually a flaw in the analysis in that one of those factors calls for whether the successor party has the ability to provide relief, but the court looked instead at the predecessor having the ability to provide relief. So wasn't there error in using the three-factor test in the first place? I don't think there's reversible error. The two of the three factors, notice and the continuity, are certainly factors that come up in the Rule 65D cases. It is the case that you don't see the ability to provide relief in the Rule 65D cases. And it makes sense that you would see them in the MacMillan. You agree that the District Court sort of flipped the script a bit in terms of which party to look to for the ability to provide relief. If the District Court had been conducting MacMillan analysis, and if the question here had been whether Part 2 was liable for damages incurred by its predecessor, then the question would have been, could the predecessor pay those damages? I think here that illustrates the fact that the ability to provide relief doesn't really fit in easily to the Rule 65D analysis. Because, of course, where the question here is whether the successor should be held in contempt for its own action in concert with the predecessor, it makes sense that the successor needs to be part of the relief being provided. I was, I'm confused about something. I made an assumption that may be wrong. The judge ultimately imposed some liability on Paragon, said you have to pay so much. Given its findings of successor liability, does Part 2 have to pay? Will it have to pay anything that Paragon is unable to pay? No. Why not? The District Court has only imposed those damages on Paragon and on Brian Jessup. The successor finding doesn't impose any liability in and of itself. Now, if the Department were to pursue Paragon for those damages at a later date, the District Court could, the Department would rely on and the District Court could rely on some of the underlying factual findings in this case in adjudicating whether Part 2 was a successor for that purpose. Why would the government have to prove successor again if it had already determined that Part 2 was successor? My understanding from the briefing actually and the oral argument today is that Part 2's, well, they said it's all right to be enjoined for the future. Their concern is having to pay this judgment against Paragon. And if the proceedings so far have no res judicata effect on pursuing, on whether the government can pursue Part 2 in the future to pay what Paragon doesn't, then I think their concerns are gone. But I think they have a legitimate concern that the finding that they're a successor will be held against them in the future. So we would not argue that they are automatically a successor in every context. We would not argue that. We would, the District Court here would need to find... Well, how do you concede that? That they are, that I think is the state of the law. The Supreme Court said that in the Howard Johnson case. That's what the Sixth Circuit said when it established the Macmillan factors. You're not a successor in every context. It's not a... Well, what about this context? That's what they're worried about, this context. I do not, we would easily be able to prove successor liability for the Pecan Harvest damages. I would not, you know, I would concede that as a factual matter, they are a successor for that purpose as well. But the District Court has never actually gone and held that they are a successor there. So the District Court would need to do that. Well, if you conceded now that the issue of whether Part 2 will have to pay any damages Paragon can't pay based on its finding that Part 2 is a successor, then I think we're out of here. I want to make sure that I didn't misspeak because I want to be really clear. We're not conceding that never in the future would Part 2 have to pay those damages. Yes, yes. They're not saying that. We're certainly not saying that. Yes. All they want is another proceeding that they can defend against. Yes. We would agree that there would be another proceeding. We do not agree necessarily about what that proceeding would entail. Well, would there be anything from this proceeding that would bind Part 2 in the later proceeding? That's what they're concerned about. The District Court could rely on the underlying factual findings in this proceeding, not a legal conclusion. Well, doesn't that then take us to their due process argument? Because they say they had inadequate notice and opportunity in the evidentiary hearing context. And if they're going to be stuck with the fact findings, do they have a viable due process argument or at least a live due process argument? So they do not have a live due process argument, nor in the future would they have a viable due process argument. OK. Let's talk about live. Why don't they have a live due process argument now? To the extent that there would be any due process violation, it's somewhat tricky to talk about because we're projecting ourselves into the future. But to the extent that at some later date, the District Court held them liable for the back-waged damages and in doing so relied on the factual findings from the contempt order in this case. That is the period of, that is when any due process violation that might arise would arise. In part because to have a due process violation, you have to have, due process entitles you to meaningful process before you are deprived of property. Here there's been no deprivation of property. So it's only once that deprivation of property occurs that you have any kind of live due process. No, I'm not sure they don't have some sort of right with respect to a judgment saying they're the successor, if then that judgment can automatically be used to make them liable for some, for a judgment against Paragon. Well, I don't... Somehow that seems like they have a pretty important interest there. This contempt order doesn't make them automatically liable. The District Court would still have to... It doesn't make them... Well, to the extent the fact findings could be used against them in an attempt to collect the Paragon judgment that Paragon didn't pay. I can't remember how I started the sentence. If they're bound by the fact findings, then they have a legitimate concern here. And it seems to me that would be enough of a concern to support a due process argument. But if you really don't want to press that point, we should just give you 10 minutes to talk about it with each other and get rid of the case. That's their concern. So I do not think... And you're not really conceding that that shouldn't be a concern, it seems to me. I do not think there could be any due process violation here because even though the District Court made... Factual findings are not a deprivation of property or liberty. The fact that the District Court made factual findings here, there couldn't be any kind of due process violation until the District Court relied on those findings. And then perhaps that argument would be right. But it would still fail because Part 2 had the opportunity to fully and fairly litigate the factual findings in this case. It was a motion to intervene. The District Court granted that motion. There was a two-day evidentiary hearing. How much time elapsed between the order allowing them to intervene and the evidentiary hearing? I don't know the answer to that, Your Honor. I know the District Court granted their motion for intervention at the same time that it was a two-day evidentiary hearing, so I'm not sure. Did they participate in any of the discovery or was there much of a discovery process? The context of these proceedings were contempt proceedings. So they didn't request discovery. I don't know what the District Court would have done had they requested it. Certainly they most likely could have had it. It's not clear how that discovery would have changed anything in this case because the facts were mostly in their possession. But once the evidentiary hearing took place, Part 2 vigorously litigated the question of whether they were the same entity as Paragon. They put on several witnesses. The way the District Court handled this proceeding was to ask for all the opening testimony, the directs, come in as declarations. So the party saw the declarations and then they had the opportunity to cross on the declarations. So Paragon would have seen the declarations. It had the opportunity to cross on the declarations. It put on the testimony of Brian Jessup, Jacob Barlow, Don Jessup, all of who claimed that Part 2 and Paragon were somehow separate companies. Now the District Court discredited all of that testimony, but Part 2 had full opportunity to put it on. So are you essentially arguing that the collateral consequences of a finding in this case are really premature in terms of consideration in due process context or any other context until it actually arises in proceedings by the department seeking monetary relief from RAH 2 or RAH, what is it, RAH 2, PAR 2. We had RAH before, now we got PAR, PAR 2. Yes, the due process arguments are entirely premature. And as we said in our briefs, they're based on something that didn't happen yet. So they're not only premature, we don't even know what's going to happen. We don't even know that there will be additional proceedings in this case. Perhaps Paragon will pay this judgment. Yeah, and it seems to me that unless Paragon, at this point, is intending not to pay the judgment, the matter is really academic. Yes, I mean, Paragon in this case, PAR 2 in this case, has placed a large emphasis on this ability to provide relief factor, perhaps suggesting that it feels that it has the ability to provide the relief. So to the extent that the judgment's being paid, the department's interest is making sure that the judgment down the line would be in making sure that the judgment is paid. I see that I'm almost out of time. So if there are no further questions, I would ask the court to affirm the district court's contempt order in this case. Thank you. With my under a minute time left, I'd like to briefly respond to Judge Hartz's questions about the binding nature of the findings that have been entered and what the department's intent is. In their appellate brief on page 32, they tell us what their intent is. They say, quote, to be sure the district court's factual findings in the September 10, 2018 decision and order on review before this court support a future determination that PAR 2 is liable for any back wages or civil money penalties as a successor to Paragon. That summarizes our concern in their brief. Well, it seems to me that you invited your concern. You moved to intervene in the case, correct? We did. And in the process of those intervention proceedings, the court made these factual determinations. But at this time, you are not aggrieved as you stand before us. Nobody's asking you to pay anything today, correct? No one's asking us to pay anything today. All right. Now, if tomorrow proceedings are instituted to force you to pay, then at that point, you'll be able to raise all these arguments that you're making, both at the trial court level and back on appeal to us. But until then, it seems to me you're asking us to engage in a game of speculation. But what we can't challenge tomorrow, Your Honor, respectfully, in our opinion, is the finding of successor liability, which was found against us without affording us any of the due process or rights given to every other party. I suppose you could, but I don't understand why you wouldn't be able to assert those kind of factual defenses if you, in fact, have them at the time of any future proceedings in district court. But let me say, your time is up, but I caused it. So please take your... No, no. I mean, take your time to answer my question and then your time. I was just going to say, your Honor, very briefly, is that we weren't afforded due process rights on the issue of successor liability. We were brought in on a contempt motion. No complaint, no discovery, no jury trial, no due process rights. That's our concern. Were you brought in or did you move to intervene? That's fair, your Honor. When we got notice of the contempt being pursued against us, a non-party, we affirmably intervened. There's no question about that. All right. Thank you. Next case then.